Nimlos, Respondent, vs. Bakke and another, Copartners, Appellants: Mullen, Impleaded Defendant and Respondent.

*December 9, 1936—January 12, 1937.*

474

For the appellants there was a brief by *Grelle & Schlott-hauer* of Madison, attorneys, and *Grady, Farnsworth & Walker* of Portage of counsel, and oral argument by *Walter H. Farnsworth* and *Robert C. Grelle*.

For the respondents there was a brief by *Bloodgood, Stebbins & Bloodgood,* attorneys, and *Albert K. Stebbins* of counsel, all of Milwaukee, and oral argument by *Mr. Stebbins*.

WICKHEM, J.   On February 14, 1935, plaintiff and one Fitzgerald were passengers in an automobile owned and operated by the impleaded defendant Mullen.   While traveling west on State Highway No. 19, the Mullen car collided with the truck of defendants, which was traveling east on the same highway.   The accident occurred upon a viaduct located at the eastern limits of Sun Prairie and connecting the main street of that village with the state highway.   In the view that the court takes of this case, it will be unnecessary further to discuss the details of the collision.

It is contended by defendants, (1) that there is no evidence to sustain the jury's finding that defendant Nelson was guilty of causal negligence; and (2) that as a matter of law, the impleaded defendant Mullen was guilty of such negligence.   These contentions are solely addressed to the question whether the verdict is sustained by the evidence.   After a careful examination of the record, the court has concluded

that there was a jury question as to the negligence of Nelson and Mullen, and this case would have been affirmed without opinion were it not for our conclusions with respect to damages awarded.

It is claimed by defendant that the damages are so excessive as to render the verdict perverse. This requires some consideration of the facts with respect to plaintiff's injuries.

Plaintiff was fifty-nine years of age. The injury so far as could be observed after the accident consisted of bruises to his head, leg, and arm. He remained in the hospital for one week, and while there X-ray examinations disclosed muscular rigidity in the lumbar region and a slight brain concussion. There were also some discolorations of his hand, wrist, and knee, and bruises upon the side of his head. No fracture was discovered, and the X ray revealed the spine and sacroiliac joint to be normal. Various examinations and tests revealed the heart, lungs, and other organs to be normal. The urinalysis and blood counts were negative, as was the pulse and temperature. With the doctor's approval, plaintiff left the hospital at the end of a week. He returned for a brief time thereafter in March, and X rays were taken of his back. These pictures disclosed no injury to the spine. He did, however, and the jury was entitled to believe still does, suffer severe pain in his back. While no explanation of the pain has been found, there was medical evidence that plaintiff had a traumatic neurosis; that the duration of this condition could not be stated with reasonable certainty; and that it may last a very short time or continue for a longer period. Upon this showing and plaintiff's testimony that he had expended the sum of $3,331 for medical expenses and treatment, the jury made an award of $7,200.

This is an extremely high award in the absence of any objective symptoms of injury or evidence of loss of earnings or permanent impairment. It can only be sustained by assuming that the jury awarded $3,331 for expenses and

$3,819 for injuries. It is a serious question whether plaintiff's showing warranted any such award for injuries, but it is at least clear that a substantially higher award could not be sustained. In view of this, it becomes necessary to consider whether the evidence will sustain a finding that this very large expenditure for medical care was reasonably incurred. We are satisfied that while the verdict cannot be regarded as perverse, it is not supported by the evidence in this particular.

The first item of plaintiff's account for expenditures is the sum of $1,271 paid to Dr. Wyant of Sun Prairie, who took charge of plaintiff after the accident in February and continued making treatment to plaintiff until July of the same year. Most of the charge was for numerous trips to visit plaintiff at Milwaukee, and one trip to Hot Springs for that purpose. The only purpose of the trips to Milwaukee, so far as the evidence discloses, was to change the adhesive tape on plaintiff's back and occasionally give a sedative for sleeping. The only treatment administered by Dr. Wyant upon his trip to Hot Springs was to order discontinuance of the baths plaintiff was taking and to direct the giving of a sedative. Dr. Wyant stated that the treatment given would not require a physician to go from Wisconsin to Hot Springs, "but I did not know what I was called there for." That is the only treatment Dr. Wyant gave at Hot Springs. Plaintiff went to Hot Springs on March 15th and remained twenty-eight days, going and returning by automobile. He took with him a nurse, and a large charge for her services is included in the expenses. There is no showing in the record of the necessity for taking a nurse to an institution such as Hot Springs which has competent nurses and doctors. Neither is there any attempted justification of the trip itself. We are not asserting that plaintiff's expenditures were as a matter of law unreasonable, but merely that the record is barren of any showing that they were reasonable. In our judgment this must be supposed to have resulted in the extremely large

verdict in this case, and we do not attribute the size of the verdict to perversity on the part of the jury. It is our conclusion that the cause should be remanded for a new trial upon the subject of damages only.

*By the Court.*—Judgment affirmed as to impleaded defendant Mullen. Judgment in favor of plaintiff reversed, and cause remanded with directions to grant a new trial with respect to damages only. Defendant Mullen to tax a single bill of costs.